# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

IN RE:                                              CHAPTER 13
                                                             CASE NO. 16-30286-DHW

Willie Tatum,
       Debtor.

## TRUSTEE'S OBJECTION TO CONFIRMATION
## AND REQUEST FOR INJUNCTION ON REFILING

COMES NOW, the Trustee, by and through the undersigned counsel, and pursuant to 11 U.S.C. §1325 objects to confirmation of the debtor(s) plan as filed and as grounds for said objection, the Trustee states as follows:

1. The debtor filed a petition seeking relief under Chapter 13 of the United States Bankruptcy Code on February 3, 2016, in the Northern District of Alabama, Southern Division.

2. This is the debtor's sixth bankruptcy case:

    - 03-33951-DHW filed Chapter 13 on December 30, 2003. Three Trustee's motions to dismiss were filed in this case for debtor's failure to make plan payments. The case was dismissed on Trustee's motion on or about July 24, 2006.

    - The debtor's second case, 07-31122-DHW, was filed under Chapter 13 on or about August 4, 2007. The debtor's pay record in this case was 66%. At a hearing on January 31, 2011 the debtor withdrew his motion to modify his plan post confirmation and requested his case be dismissed. (docket 100). The order entered on February 2, 2011.

    - Twenty days later, the debtor filed 11-30454-DHW, his third case under Chapter 13, on or about February 22, 2011. The debtor's schedules reflect income of unemployment compensation in the amount of $936.00 and family assistance in the amount of $300.00. The debtor's pay history in this case was 20.44%. The case was dismissed on Trustee's motion on or about January 27, 2012.

    - Twenty-two days later, the debtor filed case 12-30419-DHW, under Chapter 13, on or about February 18, 2012. This represents the debtor's fourth Chapter 13 case. The schedules reflect debtor was on fixed income of social security in the amount of $1,143.00 and social security for

his children in the amount of $621.00. The debtor's pay record in this case was 59.89%. The Trustee issued a notice of default for debtor's failure to make plan payments on August 1, 2012. On September 4, 2012 the debtor moved to voluntarily dismiss his Chapter 13 case. The order granting debtor's motion to dismiss entered on September 5, 2012.

- On the same day the above listed case was dismissed, the debtor filed case 12-32306-DHW, under Chapter 13 on September 5, 2012. The debtor's schedules reflect he was on fixed income of social security in the amount of $1,143.00 and social security for his children in the amount of $621.00. The debtor's pay record in this case was 41.29%. The case was dismissed on Trustee's motion on March 25, 2013.

- The instant case, 16-30286-DHW, was filed under Chapter 13, on February 3, 2016. The debtor failed to appear at the initial meeting of creditors scheduled for March 9, 2016 as a family member was having surgery out of state. The debtor appeared at the meeting of creditors on March 31, 2016. The debtor's schedules reflect social security income in the amount of $1,305.00 and social security for his children in the amount of $600.00.

3. It is the Trustee's contention that this case has been filed in bad faith. In order to determine if a plan is filed in bad faith, the 11th Circuit provided in the case of Kitchens, 702 F.2d 885 (11th Cir. 1983) that the Bankruptcy Court is to consider, but not be limited, to the following factors:

   a. Amount of debtor's income from all sources.
   b. Living expenses of debtor and his dependents.
   c. The amount of attorney's fees.
   d. The probable expected duration of debtor's Chapter 13 plan.
   e. The debtor's motivations and sincerity in seeking relief under the provisions of Chapter 13.
   f. The debtor's degree of effort.
   g. The debtor's ability to earn and likelihood of fluctuations in his earnings.
   h. Special circumstances such as inordinate medical expenses.
   i. The frequency with which the debtor has sought bankruptcy relief.
   j. The circumstances under which the debtor has contracted her debts and demonstrated bona fides, or lack of same, in dealings with her creditors.

2

k. The burden which the plan's administration would place on a trustee.

4. The debtor has failed to provide the Trustee with a tax return or a tax affidavit providing the debtor was not required to file a tax return.

5. The debtor proposes to pay for two vehicles through the plan and nothing for the benefit of unsecured creditors.

WHEREFORE, the above premises considered, Trustee prays this Honorable Court will deny confirmation as it is Trustee's contention that the petition has been filed in bad faith in that the debtor is a repeat filer, the debtor has failed to provide tax returns or a tax affidavit providing debtor was not required to file tax returns and the debtor's plan provides to pay for two vehicles and nothing for the benefit of unsecured creditors.

Respectfully submitted this 25th day of April, 2016.

                                          Curtis C. Reding
                                        Standing Chapter 13 Trustee

By:   /s/ Tina J. Hayes
       Tina J. Hayes
       Staff Attorney

Office of Chapter 13 Trustee
P. O. Box 173
Montgomery, AL 36101-0173
Phone: 334-262-8371
Fax: 334-262-8599
Email: hayest@ch13mdal.com

## CERTIFICATE OF SERVICE

      I, Tina J. Hayes, certify that I have served a copy of the foregoing TRUSTEE'S OBJECTION TO CONFIRMATION on the parties listed below either by electronic filing or by placing same in the United States Mail, postage prepaid and properly addressed, this 25th day of April, 2016.

                                            /s/ Tina J. Hayes
                                            Tina J. Hayes

Willie Tatum
P O Box 680073
Prattville, AL 36067

Richard D. Shinbaum (via CM/ECF)

4

Case 16-30286   Doc 17   Filed 04/25/16   Entered 04/25/16 14:40:32   Desc Main
Document   Page 4 of 4